UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-CV-0332-CVE-FHM |
| | ) |
| ANTHONY RODRIGUEZ, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes before the Court on defendant's motion to remand, Dkt. # 11, and plaintiff's motion for re-alignment of the parties, Dkt. # 14. Defendant argues that removal of this case was improper because removal may be instituted only by a defendant; plaintiff argues that the parties should be re-aligned for the purpose of removal.

This case arose from a motorcycle accident. Plaintiff insured defendant's motorcycle, and defendant's motorcycle was determined to be a total loss. However, plaintiff and defendant could not agree as to the value of the motorcycle. After both hired independent appraisers, plaintiff, pursuant to a clause in the insurance contract, filed a state court petition for appointment of a neutral umpire.[1] Defendant Anthony Rodriguez filed an answer and "cross-petition" alleging breach of contract, bad faith, and failure to make swift and prompt payment. Plaintiff removed to this court, and defendant moved to remand.

---

[1] There is a dispute as to whether a third-party appraiser was hired. Dkt. # 2-3, at 5; Dkt. # 15, at 2; Dkt. # 14, at 2. However, whether plaintiff waited until after a third-party appraiser valued the motorcycle or whether plaintiff agrees there was a valuation by a third-party is immaterial to the instant removal action.

Federal courts are courts of limited jurisdiction. With respect to diversity jurisdiction, "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994); Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) ("there is a presumption against removal jurisdiction, and doubtful cases must be resolved in favor of remand") (citing Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992)).

Only a defendant can remove a case from state court to federal court. See Alexander v. Tulsa Pub. Schs., 133 Fed. Appx. 581, 582 (10th Cir. 2005) (holding a plaintiff could not remove her case to federal court) (unpublished);[2] see also Tafari L'Ggrke v. Sherman, No. 07-CV-121-TCK-SAJ, 2007 WL 649384, at *2 (N.D. Okla. Feb. 26, 2007) (noting "the procedures for removal of state court actions to federal court and the review of orders remanding those actions to state court are set out in 28 U.S.C. §§ 1441-152 (2000)" and "[n]o section provides for removal by a plaintiff."). Federal law, not state law, determines which party is a plaintiff and which is a defendant. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104 (1941). And it is a court's job to realign the parties consistent with their "actual interests," if necessary, prior to making a decision on the motion to remand. Symes v. Harris, 472 F.3d 754, 761 (10th Cir. 2006) (noting district courts should look beyond the party alignment in the pleadings to "determine the parties' actual interests." (citing City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69-70 (1941))). A plaintiff may, subsequent to

---

[2]   Unpublished decisions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

2

a notice of removal, file a motion for realignment, and such a motion is not required to be filed or included with the notice of removal. See Seminole Cnty. v. Pinter Enters., Inc., 184 F. Supp. 2d 1203, 1208 (M.D. Fla. 2000) (citation omitted).

The Tenth Circuit applies the "substantial-conflict" test to realignment. Farmers Alliance Mutual Ins. Co. v. Jones. 570 F.2d 1384 (10th Cir. 1978). A "party need not be realigned so long as it has an actual and substantial conflict with a party on the other side." Price v. Wolford, 608 F.3d 698, 704 (10th Cir. 2010) (internal quotation marks and citation omitted). "Realignment is usually associated with a federal court's attempt to discern whether diversity jurisdiction is proper." Green Tree Financial Corp. v. Arndt, 72 F. Supp. 2d 1278, 1282 (D. Kan. 1999) (noting several examples of courts' use of realignment, including "splitting a removed action into two separate ones in order to maintain a portion of the original state court action;" "determining whether an intervening party is a plaintiff or defendant;" and "aligning parties to determine whether all defendants join in removal." (citations omitted)). Further, courts do not generally employ realignment to turn a state-court plaintiff into a federal-court defendant based on a state-court counterclaim. Green Tree, 72 F. Supp. 2d at 1282 (citing Shamrock, 313 U.S. at 108).

Plaintiff asks this Court to realign the parties so that plaintiff becomes the defendant, which would allow this case to proceed in this Court. There is an actual and substantial conflict between plaintiff and defendant and the parties are currently aligned according to their "actual interests;" therefore, the parties do not require realignment. Plaintiff seeks a valuation of the motorcycle and to avoid paying defendant more than the value plaintiff claims the motorcycle is worth. Defendant seeks payment and damages. Plaintiff could have filed suit in federal court seeking declaratory judgment. Instead, it opted to exercise its contractual right to seek an umpire in state court. Because

federal courts are courts of limited jurisdiction and because federal courts resolve doubtful cases of removal in favor of remand, remand is appropriate.

**IT IS THEREFORE ORDERED** that the motion for re-alignment of the parties (Dkt. # 14) is **denied**; the motion to remand (Dkt. # 11) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to **remand** this case to the District Court of Tulsa County.

**DATED** this 13th day of September, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE